### THE BANK OF THE STATE *vs.* BAILEY.

If an instrument, executed by several, is declared on as *sealed*, it is no ground of de-
murrer for variance, that, to the name of one of the signers, no seal is affixed. He
may have adopted one of the other seals, and thereby made it his own.
He could only deny his having sealed it, by plea, under oath, denying the execution.
Where there are several writs, all defective, and liable to be quashed, although one de-
fendant moves to quash, and the motion is overruled, yet, if *he* is not a party plain-
tiff in this Court, and the defendant, who is plaintiff here, afterwards demurred to the
declaration, he can have no advantage of the defect of the writ.

THIS was an action of debt, determined in the Independence Cir-
cuit Court, in December, 1841, before the Hon. THOMAS JOHNSON,
one of the Circuit Judges. The Bank sued Bailey, and four others,
on a bond. Oyer being granted of the bond, it appeared that a seal
was affixed to each name but one. Bailey demurred for variance, on
this ground, and the demurrer was sustained, and final judgment ren-
dered in favor of Bailey. Before he filed his demurrer, two other of
the defendants moved to quash the writs in the case, (all being bad),
which motion was overruled. The Bank appealed.

The case was argued here, for the appellants, by *Fowler*, who cited
*Hatch vs. Crawford*, 2 *Porter*, 54; *Moore's Executors vs. Russell*, 2
*Bibb*, 443; 1 *Saund*. 291, n. 4; 3 *Mon.* 378; *Mapes et al. vs. Newman
et al.*, 2 *Ark.* 471; and by *Hempstead & Johnson*, on points not in-
volved in the decision.

*W. Byers*, contra.

*By the Court*, DICKINSON, J. We think the Court erred in sustain-
ing the demurrer, for Martin may have adopted one of the other seals,
and thereby made it his own. He does not deny the execution and
sealing of the instrument; nor would he, under our statute, be per-
mitted to do so, except by plea, supported by affidavit.

It is as well to remark, that the same objection lies to the writs in
this, as in many other cases decided by this Court. Several writs

were issued to different counties, including, in each one, the names of all the defendants; and the objection was made by McPherson, one of the defendants, and overruled. But, as he is not a party to the case in this Court, his objection cannot be so considered as authorizing us to adjudicate as between him and the appellant.

Judgment reversed.